No. 29,127.

THE STATE OF KANSAS, ex rel. CHARLES HALL, County Attorney, etc., *Plaintiff,* v. CARL A. RICHARDSON, *Defendant.*

(284 Pac. 367.)

Opinion filed February 8, 1930.

*William A. Smith,* attorney-general, and *Charles Hall,* county attorney, for the plaintiff.

*C. M. Williams, D. C. Martindell* and *W. D. P. Carey,* all of Hutchinson, for the defendant.

The opinion of the court was delivered by

BURCH, J.: The action is an original action of mandamus in this court to require the clerk of the district court of Reno county to perform his legal duty to pay certain fees into the county treasury. Defendant has filed a motion to quash the alternative writ.

Defendant contends R. S. 28-146 violates the fourteenth amendment to the constitution of the United States, in that it deprives him of property for which he is accountable, without due process of law. The section reads as follows:

"It shall be the duty of the clerk of the court or justice receiving any costs belonging to any other person to hold the same subject to the order of the person entitled thereto, and to pay the same over on request; and if such fees shall not be called for within one year after having been received, the officer shall pay the same into the county treasury and take a receipt therefor."

The bond which defendant was required to give was conditioned that he would pay to the proper person or persons money received in his official capacity. The statute defined who proper persons are, and after one year the county treasurer is the proper person.

Defendant contends R. S. 28-146 was superseded by chapter 166 of the Laws of 1925, which repeals R. S. 28-117, but which, so far as this controversy is concerned, is the same as R. S. 28-117. The material portion of R. S. 28-117 (and of chapter 166 of the Laws of 1925) reads as follows:

"It is also made the duty of said clerk at the expiration of his term of office to pay into the county treasury all of the fees which remain in his hands at such time, and which by law should be paid into the county treasury, and shall pay to his successor all fees and funds belonging to other parties which may be in his custody as clerk."

There is no conflict between R. S. 28-117 and R. S. 28-146. Fees which belong to other persons or parties, which have been held for a year expiring during the clerk's term of office, are to be paid into the county treasury. If the year has not expired when the clerk goes out of office, such fees are to be paid to his successor. All fees payable to the county treasury at the time the clerk goes out of office are to be paid there.

R. S. 60-302 reads as follows:

"A copy of the petition need not accompany the summons, but the defendant or plaintiff shall be entitled to a copy of the petition, or any other paper filed in the action, upon application to the clerk therefor; and the costs of such copy shall be taxed among the costs in the action."

This statute does not need interpretation. A party to the action, on his own application or on application of his attorney, is entitled to a copy of any paper filed in the action. The fees for making such copies are official fees, and are fixed by law. Copies made for others are not official copies, but if the clerk certifies them, his certificate and seal are official, and he should charge the statutory fee for attaching them, and account for the fee.

The motion to quash is denied.

The case is an accounting case. Legal duty to pay whatever may be found to be due is not contested, and no showing has been made of good ground for bringing the action in this court instead of in the district court of Reno county. Defendant is an officer of that court, all the books and records necessary to the accounting are in that court, and time and expense would be greatly economized by having that court supervise the accounting and otherwise dispose of the cause. This court knows of no reason why it should send a commissioner to Hutchinson to do this piece of strictly local work, and it declines to proceed further.

The action is dismissed.